UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nicholas Queen, # 29623-037, | ) | **C/A No. 2:12-1735-SB-BHH** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Darlene Drew; | ) | |
| Unknown Defendant 1; | ) | |
| Unknown Defendant 2, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate currently incarcerated at the Federal Correctional Institution ("FCI") in Coleman, Florida. Plaintiff brings this action against employees of the FCI in Bennettsville, South Carolina, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

Factual and Procedural Background

As of the date this Report and Recommendation is filed, Plaintiff has filed the following in the instant case:

• Complaint (ECF No. 1);

- 7th Amendment Jury Trial Request (ECF No. 12);

- Answers to Interrogatories (ECF No. 14);

- Motion to Supplement Complaint (ECF No. 24);

- Objections to Magistrate's Report and Recommendation (ECF No. 25);

- Supplement to Objections (ECF No. 27);

- Second Motion to supplement Complaint (ECF No. 30);

- Supplementation of the record (ECF No. 34);

- Motion to amend Complaint (ECF No. 40).

In spite of Plaintiff's numerous iterations, his causes of actions remain unclear. Nevertheless, given the standard by which *pro se* cases are to be judged, *see infra*, the court will attempt to decipher Plaintiff's claims.

It appears that, on November 30, 2011, "institutional officials" charged Plaintiff with assaulting another inmate. On December 22, 2011, Plaintiff attended a hearing before the prison disciplinary committee. He was found guilty of the charge and sanctioned with, *inter alia*, the loss of thirteen days of good time credit.

The following month, Plaintiff was transferred to FCI-Coleman. He appears to contend that, due to this transfer, he was unable to challenge his prison disciplinary conviction, in violation of his First Amendment right to petition the government pursuant to 28 U.S.C. § 2241. Plaintiff alleges that, due to this "unconstitutional" transfer, he suffered a loss of income estimated at $400,000 from his job at FCI-Bennettsville. Plaintiff also claims a violation of his right to receive a copy of the disciplinary report within twenty-four hours of the staff becoming aware of the incident due to a five-month investigation.

Additionally, Plaintiff alleges a violation of his right to have staff representation during his disciplinary hearing.

Plaintiff identifies the defendants as Darlene Drew, the warden at FCI-Bennettsville, and the institutional case manager and institutional unit manager at FCI-Bennettsville. Plaintiff seeks no restoration of his good time credits or other injunctive relief, but solely monetary damages.

<u>Standard of Review</u>

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are

assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

<u>Discussion</u>

I. Procedural Matters

   A. <u>Exhaustion</u>. The necessity of exhaustion has been a continuing theme in this case. The court previously advised Plaintiff (*see* ECF No. 22) that, pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA), before filing "a civil action with respect to prison conditions," a plaintiff-inmate must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S. 733, 741 (2001) (holding, a prisoner must exhaust "'such administrative remedies as are available'" before bringing suit based on prison conditions). A prisoner must exhaust administrative remedies even when the prisoner's suit seeks monetary damages that are unavailable through the prison's grievance process. *See Booth*, 532 U.S. at 734–35.

4

As part of his supplementation of the record (ECF No. 34), Plaintiff included a final response to his inmate appeal, contending that it was "evidence of [his] exhaustion of remedies." (ECF No. 34-1 at 2; ECF No. 34 at 2.) However, it is well-established that exhausting administrative remedies after a complaint is filed will not save a case from dismissal. *See, e.g.,Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (acknowledging that "pre-filing exhaustion of prison grievance processes is mandatory."); *Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) (stating that a prisoner does not comply with the exhaustion requirement by exhausting available remedies during the course of the litigation); *Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006) (holding that "prisoners cannot amend their complaints to cure the failure to satisfy the exhaustion pleading requirement in the initial complaint"); *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005) ("A district court has no 'discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.'") (citation omitted). The final response submitted by Plaintiff is dated February 13, 2013, and Plaintiff filed the instant action on June 25, 2012, almost eight months prior thereto. Thus, Plaintiff filed his Complaint prior to exhausting his administrative remedies and, accordingly, his Complaint should be dismissed.

B. <u>Heck v. Humphrey</u>. The court has also instructed Plaintiff as to the effect of *Heck v. Humphrey*, 512 U.S. 477 (1994), on his claims. Plaintiff is alleging *Bivens* claims against Defendants. When a prisoner seeks damages in a *Bivens* action, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *See Husband v. Rafferty*, 411 F. App'x 622, 622 (4th Cir. 2011) (applying *Heck* in a *Bivens* action). The Supreme Court applied the *Heck* rule to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U.S. 641 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, claims which necessarily imply the invalidity of the judgment must be pursued in habeas corpus, not in a *Bivens* action. The Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), clarified that a civil rights action is barred "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 82.

Although Plaintiff has demonstrated that he has challenged his disciplinary hearing conviction, he has not shown that his attack was successful. Accordingly, he cannot yet maintain a *Bivens* action for monetary damages as this court's judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding.

II. Plaintiff's Claims

A. Access to the Courts. Plaintiff asserts that, as a result of his transfer, he was unable to challenge his prison disciplinary conviction, in violation of his First Amendment right to petition the government pursuant to 28 U.S.C. § 2241. This statement is belied by the fact that Plaintiff has appealed his disciplinary conviction through the Bureau of Prisons system, and he has stated no reason why he cannot now file a petition for writ of habeas corpus challenging that decision. The Supreme Court stated in *Bounds v. Smith*, 430 U.S.

6

2:12-cv-01735-SB    Date Filed 08/15/13    Entry Number 43    Page 7 of 10

817 (1977), "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. However, in order to succeed on any access-to-the-courts claim, a prisoner is required to show actual prejudice to his litigation. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). A prisoner can satisfy this requirement by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. In addition, in asserting a claim for denial of access to the courts, "a prisoner cannot rely on conclusory allegations. Specificity is necessary . . . ." *Cochran*, 73 F.3d at 1317 (citation omitted). Plaintiff's claim for denial of access to the courts fails because Plaintiff has not established actual prejudice to his litigation.

B. Loss of Income. Plaintiff further claims that, due to his transfer, he has suffered a loss of income estimated at $400,000 from his job at FCI-Bennettsville. The court has previously informed Plaintiff (*see* ECF No. 22), that an inmate has no federal right to a job assignment. *E.g.*, *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (finding prisoners have no liberty or property interest to jobs under the Due Process Clause); *Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996) (finding "no constitutional obligation to provide an inmate with employment, even if a statute or regulation creates such an interest"); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (noting that federal "[c]ourts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest")

7

(collecting cases).  Although Plaintiff counters that he is not disputing the loss of his job but, rather, the loss of his income, he has not shown that he would be deprived of this income except for the loss of his job.  In any event,

> The Constitution does not provide prisoners any substantive entitlement to compensation for their labor.  *See Piatt v. MacDougall*, 773 F.2d 1032, 1035 (9th Cir. 1985) (holding that the state does not deprive a prisoner of a  constitutionally protected liberty interest by forcing him to work without pay).  Although the Constitution includes, in the Thirteenth Amendment, a general prohibition against involuntary servitude, it expressly excepts from that general prohibition forced labor "as a punishment for crime whereof the party shall have been duly convicted."  U.S. Const. amend. XIII, § 1; *see Piatt*, 773 F.2d at 1035 ("The Thirteenth Amendment does not prohibit involuntary servitude as part of imprisonment for a crime.").

*Serra v. Lappin* 600 F.3d 1191, 1196 (9th Cir. 2010); *see also Washlefske v. Winston*, 234 F.3d 179, 184 (4th Cir. 2000) (noting that, although private citizens ordinarily have a constitutionally protected property interest in the wages earned from their labor, inmates do not).  Hence, Plaintiff claim as to the loss of $400,000 in expected income has no merit.

C. <u>Due Process Violations</u>.  Plaintiff also claims a violation of his rights to receive a copy of the disciplinary report within twenty-four hours of the staff becoming aware of the incident, and to present witnesses at his hearing.  Liberally construed, Plaintiff alleges a violation of his right to due process during the disciplinary process.   It is true that disciplinary proceedings which implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).  However, as explained above, *Edwards* extended the ruling in *Heck* to disciplinary proceedings, such as Plaintiff's, which result in the loss of good time credits.  Although Plaintiff seeks only monetary damages and not the return of his good time credits, this court's award in his favor would necessarily imply the invalidity of his disciplinary proceeding.  Accordingly, he is precluded from pursuing this

8

relief in this court until such time as he has successfully invalidated his disciplinary proceeding.

Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

August 15, 2013
Charleston, South Carolina


**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).