IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Nicholas Queen, #29623-037, )
)
       Plaintiff, )
) Civil Action No. 2:12-1735-SB
v. )
)
Darlene Drew; ) **ORDER**
Unknown Defendant 1; )
Unknown Defendant 2, )
)
       Defendants. )
)



This matter is before the Court upon the Plaintiff's *pro se* complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The Plaintiff, who is currently imprisoned at the Federal Correctional Institute in Coleman, Florida, raises claims related to a disciplinary proceeding that occurred at the Federal Correctional Institute in Bennettsville, South Carolina, where he was imprisoned prior to being transferred to Coleman. Specifically, the Plaintiff was convicted of attacking another inmate, which resulted in fifteen days of disciplinary segregation and the loss of thirteen days of good time and ninety days of commissary privileges. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a United States Magistrate Judge for preliminary consideration.

In a report and recommendation ("R&R") filed on August 24, 2012, the Magistrate Judge recommended that the Court summarily dismiss the Plaintiff's complaint without prejudice and without service of process based on the Plaintiff failure to exhaust his available administrative remedies prior to filing suit. In addition, the Magistrate Judge determined that, to the extent the Plaintiff was challenging the fact or duration of his

confinement–based on his loss of good time, for example–a petition for habeas corpus would be the exclusive remedy. The Magistrate Judge also noted that, as with a Bivens action, to bring a section 2241 petition in the District in which he is confined, the Plaintiff must first exhaust his administrative remedies in the Federal Bureau of Prisons.

The Plaintiff filed written objections to the Magistrate Judge's first R&R, as well as two motions to amend his complaint, a motion for the appointment of counsel, and a supplement to his objections. The Court overruled the majority of the Plaintiff's objections and agreed with the Magistrate Judge that the Plaintiff must exhaust his administrative remedies prior to bringing this action. Nevertheless, because the Plaintiff submitted a supplement to his objections, along with an undated, unsworn "response to inmate request to staff" form, the Court found that it could not determine whether the Plaintiff had effectively exhausted his remedies prior to filing suit. Therefore, in the interest of fairness, the Court granted the Plaintiff an additional thirty days to supplement the record with evidence establishing exhaustion.

On June 19, 2013, the Plaintiff filed a supplement, including a document dated February 13, 2013, and signed by Harrell Watts, Administrator of National Inmate Appeals, specifically denying the Plaintiff's appeal of the disciplinary proceeding at issue. In light of this submission, and in the interest of creating a complete record, the Court remanded the matter to the Magistrate Judge for further consideration.

After further consideration, the Magistrate Judge issued a second R&R on August 15, 2013, again recommending that the Court dismiss the case without prejudice and without issuance and service of process. First, the Magistrate Judge determined that the Plaintiff's supplemental filing did not alter the exhaustion analysis because the filing, which

was dated February 13, 2013, made it clear that the Plaintiff had failed to exhaust his administrative remedies *prior to* filing this suit on June 25, 2012. As the Magistrate Judge noted, the Prison Litigation Reform Act requires a prisoner to properly exhaust available administrative remedies prior to filing an action. See Hill v. O'Brien, 387 F. App'x 396, 399 (4th Cir. 2010); see also Futch v. Mora, 2013 WL 5428698, *2 (D.S.C. Aug. 27, 2013) ("Petitioner filed this action prematurely before he had completed exhaustion of the BOP administrative process, and it should be dismissed without prejudice. Moreover, if Petitioner received a rejection of the appeal from the Central Office during the pendency of this action, which he alleges in a pleading filed subsequent to the Petitioner, this actions should still be dismissed without prejudice because a petitioner is not permitted to exhaust administrative remedies while a petition is pending.").

Next, the Magistrate Judge determined that Heck v. Humphrey, 512 U.S. 477 (1994), barred the Plaintiff's Bivens claim for monetary damages as well as his claim for a violation of his due process rights in connection with the disciplinary proceeding, because a judgment in favor of the Plaintiff would necessarily imply the invalidity of the outcome of the disciplinary proceeding. The Magistrate Judge found no merit to the Plaintiff's claim that his transfer to Coleman prevented him from challenging the disciplinary proceeding, and the Magistrate Judge also rejected the Plaintiff's claim that his transfer caused him to lose an estimated $400,000 from his job at Bennettsville, noting that the Constitution does not provide prisoners with any substantive entitlement to compensation for their labor.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The Plaintiff filed objections to the R&R as well as a document captioned "Plaintiff's request for the Court to take Judicial Notice of the following adjudicated facts." The Court has reviewed these filings and finds them to be without merit. First, as the Magistrate Judge determined, it is clear from the record that the Plaintiff failed to exhaust his administrative remedies *prior to* filing suit. Therefore, this action is subject to dismissal without prejudice. In addition, the Court agrees with the Magistrate Judge that a judgment in favor of the Plaintiff would necessarily imply the invalidity of the disciplinary proceeding conviction, in violation of Heck; moreover, with regard to the Plaintiff's challenges to the disciplinary proceeding, the proper avenue would appear to be a section 2241 petition, which the Plaintiff could file in the district of his confinement.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 43) is adopted and incorporated herein; the Plaintiff's objections (Entry 45) are overruled; and this matter is dismissed without prejudice.

**AND IT IS SO ORDERED.**

_____
Sol Blatt, Jr.
Senior United States District Judge

October 2_, 2013
Charleston, South Carolina